IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

DAVID HALL,

        Plaintiff,

      v.                            Case No. 2:09-CV-495
                                        JUDGE SARGUS
                                        MAGISTRATE JUDGE KING

EDWARD T. SHELDON,
WARDEN, *et al.,*

        Defendants.

## REPORT AND RECOMMENDATION

This matter is before the Court for consideration of the Defendants' *Motion for Summary Judgment*, Doc. No. 28.  For the reasons that follow, it is **RECOMMENDED** that the motion be granted.

## I.

Plaintiff, David Hall ["Plaintiff"], brings this action pursuant to 42 U.S.C. § 1983 challenging the alleged retroactive application of Ohio's parole standards, policies, guidelines and laws.  The Defendants in this action are:  Edward T. Sheldon, Warden of the Marion Correctional Institution, where Plaintiff is currently incarcerated; Terry Collins, former Director of the Ohio Department of Rehabilitation and Correction ["ODRC"]; Cynthia B. Mausser, Chairperson of the Ohio Adult Parole Authority ["OAPA"]; and Ellen Venters, Robert Maszczynski, Jim Bedra, Sandra Crockett Mack, Peter Davis, Kathleen Kovatch, R.F. Rauschenberg, and Farley Bank, members of the OAPA.  The Court has jurisdiction pursuant to

28 U.S.C. §§ 1331, 1343.

Plaintiff was convicted of murdering his wife in 1975.  He was sentenced to fifteen years to life in prison.  *Affidavit of Cynthia Mausser*, Exhibit A to Doc. No. 28, at ¶ 3.  In 1984, Plaintiff was released on parole.  He was returned to prison as a technical parole violater in 1989.  *Id.*  Plaintiff was released on parole again in 1990.  In 1992, he was convicted of felonious assault for running over his girlfriend with a car.  *Id.*  Plaintiff was sentenced to an indefinite term of eleven to fifteen years on that conviction.  *Id.*  That sentence was aggregated with Plaintiff's earlier sentence in connection with his murder conviction.  Plaintiff is currently serving a sentence of twenty-six years to life in prison.  *Id.*

Defendant Cynthia Mausser, chairperson of the OAPA, avers that Plaintiff has appeared before the Parole Board on nine occasions.  His first hearing was conducted on February 3, 1999 and his most recent parole hearing was held on March 27, 2009.  *Id.* at ¶ 5.  The OAPA denied Plaintiff early release "because his violent criminal history made him unsuitable for release."  *Id.*  The parole board concluded that Plaintiff should serve an additional twenty-four months before being again considered for release on  parole.  *See* Exhibit L attached to *Complaint*.

In his *Complaint*, Plaintiff alleges that Defendants have retroactively applied "parole standards, policies, guidelines and laws that were not in effect when Plaintiff was tried and convicted of his alleged crime . . . ."  *Complaint*, Doc. No. 5, at ¶ 7.  Plaintiff claims that this alleged retroactive application violates the due process clause and the *ex post facto* clause of the United States Constitution.  Plaintiff also claims that he has been denied "meaningful parole reviews while significantly increasing the punishment rendered for Plaintiff's crime."  *Id.* at ¶ 11.  In addition, Plaintiff claims that the delay in future consideration for parole constitutes a

violation of the double jeopardy clause.  *Id.* at ¶ 41.  Plaintiff seeks declaratory and injunctive

relief on his claims.   The Defendants move for summary judgment on Plaintiff's claims.

## II.

The standard for summary judgment is well established.  This standard is found in Rule

56 of the Federal Rules of Civil Procedure, which  provides in pertinent part:

> The judgment sought shall be rendered if the pleadings, discovery
> and disclosure materials on file, and any affidavits show that there
> is no genuine issue as to any material fact and that the movant is
> entitled to judgment as a matter of law.

Fed. R. Civ. P. 56(c).  Pursuant to Rule 56(c), summary judgment is appropriate if "there is no

genuine issue as to any material fact . . . ."  *Id*.  In making this determination, the evidence "must

be viewed in the light most favorable" to the non-moving party.  *Adickes v. S.H. Kress & Co.*,

398 U.S. 144, 157 (1970).  Summary judgment will not lie if the dispute about a material fact is

genuine, "that is, if the evidence is such that a reasonable jury could return a verdict for the

non-moving party."  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).  However,

summary judgment is appropriate if the opposing party "fails to make a showing sufficient to

establish the existence of an element essential to that party's case, and on which that party will

bear the burden of proof at trial."  *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).  The

"mere existence of a scintilla of evidence in support of the [opposing party's] position will be

insufficient; there must be evidence on which the jury could reasonably find for the [opposing

party]."  *Anderson*, 477 U.S. at 252.

The "party seeking summary judgment always bears the initial responsibility of

informing the district court of the basis for its motion, and identifying those portions" of the

3

record which demonstrate "the absence of a genuine issue of material fact." *Celotex Corp.*, 477 U.S. at 323. The burden then shifts to the nonmoving party who "must set forth specific facts showing that there is a genuine issue for trial." *Anderson*, 477 U.S. at 250 (quoting Fed. R. Civ. P. 56(e)). "Once the moving party has proved that no material facts exist, the non-moving party must do more than raise a metaphysical or conjectural doubt about issues requiring resolution at trial." *Agristor Fin. Corp. v. Van Sickle*, 967 F.2d 233, 236 (6th Cir. 1992) (citing *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986)).

## III.

Defendants first contend that summary judgment is appropriate on Plaintiff's claim that he was denied due process of law. As the United States Court of Appeals for the Sixth Circuit has observed, a due process challenge to the procedures used by the parole board is cognizable under § 1983. *See Swihart v. Wilkinson*, 209 Fed. Appx. 456, 458 (6th Cir. 2006). Nevertheless, there is no inherent or constitutional right to parole. *Greenholtz v. Inmates of Neb. Penal & Corr. Complex*, 442 U.S. 1 (1979). Further, Ohio has not created a liberty interest in parole eligibility since the parole system is entirely discretionary. *Jago v. Van Curen,* 454 U.S. 14 (1981); *Swihart*, 209 Fed. Appx. at 458. For purposes of due process, "as long as the procedure used affords the inmate an opportunity to be heard, and, if parole is denied, the parole board informs the inmate of the basis upon which it denied parole" due process is satisfied. *Swihart,* at 459, citing *Greenholtz*, 442 U.S. at 16.

In this case, there is no evidence to suggest that Plaintiff was deprived of an opportunity to be heard. Further, the OAPA informed the Plaintiff of the basis upon which parole was

denied. *See Affidavit of Cynthia Mausser*, attached to Doc. No. 28. Plaintiff claims, however, that the procedures used by the OAPA, specifically the application of the 2007 Ohio Parole Guidelines, precluded him from receiving "meaningful consideration" for parole.

In *Layne v. Ohio Adult Parole Authority*, 97 Ohio St.3d 456 (2002), the Ohio Supreme Court held that meaningful consideration is not given when the offense of conviction is disregarded and parole eligibility is determined by a guideline score that does not correspond to the offense of conviction. That court emphasized, however, "that the [OAPA], when considering an inmate for parole, still retains its discretion to consider any circumstance, relating to the offense . . . of conviction . . . ." *Id.* at 464. In *Ankrom v. Hageman*, No. 04AP-984, 2005 WL 737833 (Ohio App. March 31, 2005), the Ohio Tenth District Court of Appeals held that meaningful consideration is not given when an inmate is assigned a parole guideline offense category that nominally corresponds to the offense of conviction but which is "elevated" based on the parole board's determination that the inmate committed an offense for which he had not been convicted. In addition, meaningful consideration is denied when the inmate is placed within the proper guideline range but the lowest possible range is beyond the inmate's earliest statutory parole eligibility date. *Id.*

Defendants contend that Plaintiff received "meaningful consideration" at his March 2009 parole hearing. Defendant Mausser avers that Plaintiff's parole eligibility was determined solely by his offense of conviction. *Mausser Affidavit* at ¶ 14. Further, Plaintiff's range under the 2007 Guidelines corresponded to the earliest statutory parole eligibility date applicable to Plaintiff. *Id.*

The precise nature of Plaintiff's challenge to the use of the 2007 Ohio Parole Guidelines

is not entirely clear.  In his *Memorandum contra*, Plaintiff outlines the decisions in *Layne* and *Ankrom*, *supra*.  Plaintiff does not contend, however, that his eligibility for parole was based on anything other than his offense of conviction.  As Defendant Mausser explains in her *Affidavit*, and which Plaintiff does not dispute, Plaintiff received a parole hearing at the earliest possible date, *i.e.*, at the statutory minimum based on the offense of conviction.  Further, the evidence reveals that Plaintiff was not denied parole based on reference to the 2007 Ohio Parole Guidelines.  Rather, Plaintiff's denial of parole was based on the OAPA's conclusion that Plaintiff was not suitable for parole as of March 2009.   Based on these undisputed facts, the Court concludes that Plaintiff was not deprived of "meaningful consideration" for parole.

Defendants also move for summary judgment on Plaintiff's claim that use of the 2007 Ohio Parole Guidelines violates the *ex post facto* clause of the United States Constitution, U.S. CONST. art I., § 10, cl. 1.  In *Garner v. Jones*, 529 U.S. 244 (2000), the United States Supreme Court held that an *ex post facto* violation can be established in one of two ways: (1) if Plaintiff can show that the challenged provision, on its face, shows a significant risk of increased incarceration; or (2) "by evidence drawn from the rule's practical implementation by the agency charged with exercising discretion, that its retroactive application will result in a longer period of incarceration than under the earlier rule."  *Id.* at 255.

Again, the precise contours of Plaintiff's claim in this regard are unclear.  Plaintiff proffers no evidence even suggesting that the 2007 Ohio Parole Guidelines, on their face, present a significant risk of increased incarceration.   Plaintiff also fails to demonstrate how application of the 2007 Guidelines would result in a longer period of incarceration.  As Defendant Mausser explains, the low end of the guideline range is the minimum sentence imposed by the sentencing

court for the crime of conviction.  The maximum guideline range is life, which is the high end of Plaintiff's sentence in this case. As explained *supra*, the guidelines are not used to determine eligibility for parole; whether or not an inmate is suitable for release on parole is determined without reference to the Guidelines. *Mausser Affidavit* at ¶ 9.  It is only after an inmate's suitability for parole has been determined that the Guidelines are consulted "to assist the OAPA in determining what would be an appropriate amount of time until the next hearing date for an inmate who has been denied parole on suitability grounds." *Id.* at  ¶ 13.   In this case, Plaintiff's suitability for parole was determined based upon his violent criminal history; not on his guideline range under the 2007 Ohio Parole Guidelines.

Plaintiff has failed to come forward with any evidence to support a claim that application of the 2007 Ohio Parole Guidelines resulted in a significant increase of incarceration either on its face or as applied to Plaintiff's case.  Thus, Plaintiff's *ex post facto* challenge to the use of the 2007 Ohio Parole Guidelines is without merit.  The Defendants are entitled to summary judgment on this claim.

Finally, the Court addresses Plaintiff's claim that the denial of parole constitutes a violation of the Double Jeopardy Clause of the United States Constitution.  The Fifth Amendment provides that no person shall be "twice put in jeopardy of life or limb" for the same offense.  U.S. CONST. amend. V.  As the United States Court of Appeals for the Sixth Circuit has held, "[p]arole determinations are not considered criminal punishment for purposes of the Double Jeopardy Clause." *Ellick v. Perez*, 27 Fed. Appx. 489, 490 (6th Cir. 2001). Consequently, Plaintiff's claim that the denial of parole subjected him to double jeopardy is without merit.

7

In light of the foregoing, it is **RECOMMENDED** that the *Defendants' Motion for Summary Judgment*, Doc. No. 28, be **GRANTED**.

If any party seeks review by the District Judge of this *Report and Recommendation*, that party may, within fourteen (14) days, file and serve on all parties objections to the *Report and Recommendation*, specifically designating this *Report and Recommendation*, and the part thereof in question, as well as the basis for objection thereto. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). Response to objections must be filed within fourteen (14) days after being served with a copy thereof. Fed. R. Civ. P. 72(b).

The parties are specifically advised that failure to object to the *Report and Recommendation* will result in a waiver of the right to *de novo* review by the District Judge and of the right to appeal the decision of the District Court adopting the *Report and Recommendation*. *See Thomas v. Arn*, 474 U.S. 140 (1985); *Smith v. Detroit Foundation of Teachers, Local 231, etc.*, 829 F.2d 1370 (6th Cir. 1987); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).


**June 21, 2010**                          *s/ Norah McCann King*
**DATE**                          **NORAH McCANN KING**
                          **UNITED STATES MAGISTRATE JUDGE**

8

9