IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION


DAVID HALL,

    Plaintiff,

  v.                                  Case No. 2:09-CV-495
                                      JUDGE SARGUS
                                      Magistrate Judge King

EDWARD T. SHELDON,
WARDEN, et al.,

    Defendants.


## OPINION AND ORDER

On June 21, 2010, the United States Magistrate Judge issued a *Report and Recommendation* recommending that Defendants' *Motion for Summary Judgment*, Doc. No. 28, be granted. *Report and Recommendation*, Doc. No. 35. This matter is now before the Court for consideration of the Plaintiff's *Objection* to that *Report and Recommendation*. *Objection*, Doc. No. 37. The Court will review the matter *de novo*, 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b). For the reasons that follow, the *Report and Recommendation* is affirmed.

I.

Plaintiff, David Hall ["Plaintiff"], a state prisoner, brings this action pursuant to 42 U.S.C. § 1983, challenging the alleged retroactive application of Ohio's parole standards, policies, guidelines and laws. Plaintiff is currently serving a sentence of twenty six years to life in prison after having been convicted in 1975 of murdering his wife and in 1992 of felonious assault after running over his girlfriend with a car.

*See Affidavit of Cynthia Mausser*, Exhibit A to Doc. No. 28, at ¶ 3.

Plaintiff has appeared before the parole board on nine occasions. His most recent hearing was on March 27, 2009. *Id.* at ¶ 6. Plaintiff was denied early release at that time because the parole board concluded that "his violent criminal history [makes] him unsuitable for release." *Id.* The parole board also concluded that Plaintiff should serve an additional twenty-four months before again being considered for parole. *See* Exhibit L attached to *Complaint*.

In this action, Plaintiff claims that retroactive application of parole guidelines violates the due process clause and the *ex post facto* clause of the United States Constitution. Plaintiff also claims that he was denied meaningful consideration for parole and that a delay in future consideration for parole violates the double jeopardy clause of the United States Constitution.

The Magistrate Judge recommended that summary judgment be granted on Plaintiff's claims. With respect to the due process claim, the Magistrate Judge found that there was "no evidence to suggest that Plaintiff was deprived of an opportunity to be heard" with respect to his eligibility for parole. *Report and Recommendation*, Doc. No. 35, at 4. The Magistrate Judge also concluded that Plaintiff was not deprived of "meaningful consideration" for parole. *Id.* at 6. The Magistrate Judge observed:

> Plaintiff received a parole hearing at the earliest possible date, *i.e.*, at the statutory minimum based on the offense of conviction. Further, the evidence reveals that Plaintiff was not denied parole based on reference to the 2007 Ohio Parole Guidelines. Rather, Plaintiff's denial of parole was based on the [Ohio Adult Parole Authority's] conclusion that Plaintiff was not suitable for parole as of March 2009.

2

*Id.* The Magistrate Judge also concluded that the denial of parole did not violate double jeopardy since parole determinations are not considered "criminal punishment" for purposes of the double jeopardy clause. *Id.* at 7, quoting *Ellick v. Perez*, 27 Fed. Appx. 489, 490 (6th Cir. 2001).

With respect to Plaintiff's *ex post facto* challenge to the 2007 Ohio Parole Guidelines, the Magistrate Judge relied on the standard set forth in *Garner v. Jones*, 529 U.S. 244 (2000). There, the United States Supreme Court held that an *ex post facto* violation can be established in one of two ways: (1) if Plaintiff can show that the challenged provision, on its face, shows a significant risk of increased incarceration; or (2) "by evidence drawn from the rule's practical implementation by the agency charged with exercising discretion, that its retroactive application will result in a longer period of incarceration than under the earlier rule." *Id.* at 255.

The Magistrate Judge concluded that Plaintiff came forward with no evidence to suggest that the 2007 Ohio Parole Guidelines, on their face, present a significant risk of increased incarceration. *Report and Recommendation*, Doc. No. 35 at 6. The Plaintiff also failed to establish that the 2007 guidelines resulted in a longer period of incarceration for Plaintiff:

> [T]he low end of the guideline range is the minimum sentence imposed by the sentencing court for the crime of conviction. The maximum guideline range is life, which is the high end of the Plaintiff's sentence in this case. [T]he guidelines are not used to determine eligibility for parole . . . [i]t is only after an inmate's suitability for parole has been determined that the Guidelines are consulted "to assist the OAPA in determining what would be an appropriate amount of time until the next hearing date for an inmate who has been

3

denied parole on suitability grounds." *Mausser Affidavit* at ¶ 13. In this case, Plaintiff's suitability for parole was determined based upon his violent criminal history; not on his guideline range under the 2007 Ohio Parole Guidelines.

*Id.* at 7.

## II.

In his June 30, 2010, *Objection*, Plaintiff takes issue with the Magistrate Judge's observation that "Plaintiff does not contend . . . that his eligibility for parole was based on anything other than his offense of conviction." *Report and Recommendation*, Doc. No. 35, at 6. Plaintiff contends that "he was taken out of his offense of conviction of 84-108 months and made to serve 235 months." *Objection*, Doc. No. 37 at 3.

Plaintiff's position is not supported by the evidence. Plaintiff's aggregate sentence is based on the fact that the sentence on his conviction for felonious assault, which occurred while Plaintiff was on parole from his murder conviction, was aggregated with his sentence on the murder conviction. *See Affidavit of Cynthia Mausser*, Exhibit A to Doc. 28, at ¶ 4. Plaintiff is not serving a greater period of incarceration due to the denial of parole and his parole eligibility was determined by reference to his offenses of conviction. The denial of parole in March 2009 was based – not on the 2007 Guidelines – but rather on the determination that Plaintiff was not suitable for parole due to his violent criminal history. Thus, Plaintiff's argument that he was "made to serve 235 months" because of the denial of parole is inaccurate. Plaintiff's objection to the Magistrate Judge's conclusion on the *ex post facto* claim is without merit.

4

In light of the foregoing, Plaintiff's *Objection* to the *Report and Recommendation*, Doc. No. 37, is **DENIED**. The Magistrate Judge's *Report and Recommendation* is **ADOPTED and AFFIRMED**. Defendants' *Motion for Summary Judgment*, Doc. No. 28, is **GRANTED**.

The Clerk shall enter **Final Judgment** in favor of Defendants.

7-28-2010
DATE

EDMUND A. SARGUS, JR.
UNITED STATES DISTRICT JUDGE